Nicholson, C. J.,
delivered the opinion of the Court.
. On the 2d of December, 1862, Marshall sold to Dodson, a slave, for $1,025, and received all the price except $190, in payment of which balance, Dodson delivered and assigned to Marshall a note for $190, on one Creed, payable- on its face in Confederate money. The agreement between the parties was, that Marshall took the note on Creed, on this condition: “ If the said Creed paid the note, then it -was to be taken as a payment; otherwise Dodson was to stand bound to Marshall for the sum of one hundred and ninety dollars, the balance of the price of the negro.” Marshall and Dodson went *96 together to the house of Creed, who was- then out of the country, and applied to his wife, who offered to pay the note in corn, which was refused by Marshall.
• ■ This action was then brought in the Circuit Court of Jefferson County, by Marshall, to recover of Dodson the balance of the price of the slave. Upon the trial of the cause, the Circuit Judge charged the jury as follows: “The plaintiff sues the defendant for $190, the balance of the price of a negro sold by plaintiff to defendant, and at the time, the defendant delivered to the plaintiff a note of hand on one Creed, for the sum of $190, payable upon its face, in Confederate money, as the last and full amount of the purchase price for said negro, and undertook and bound himself, if the same was not paid by Creed, the same would be paid by defendant. The Court instructs you, gentlemen, that the note signed and delivered to plaintiff on Creed, by defendant, being for Confederate money, created no liability on Creed to pay the same, nor would the plaintiff be entitled to recover off of the defendant, upon his promise to pay the same, if Creed did not. Because his agreement to pay the same, if Creed did not, was a promise to pay Confederate money, and nothing else.”
The jury returned a verdict for the defendant; and upon the overruling of his motion for a new trial, the plaintiff appealed in error to this Court.
The charge of the Circuit Judge is palpably erroneous. He instructs the jury that the contract sued on^ is a contract made hy the defendant, to pay the note if Creed did not pay it, and was, therefore, a promise on the part of the defendant to pay Confederate money.
*97 . In so charging, the Circuit Judge invaded the province of the jury, and withdrew from them their right to determine the facts in evidence.
He not only assumes to determine the facts, but his conclusion as to what was proven by the facts, is entirely erroneous. The proof was explicit, that if Creed failed to pay the note, defendant was to stand bound, not to pay the note, as assumed by the Judge, but bound to pay to plaintiff the sum of $190, the balance of the price of the slave. • It was the right of the jury to draw their conclusions from the facts; and not having been allowed to do so, by the instructions of the Judge, the judgment will be reversed, and the cause remanded for another trial.